NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
JERRELL WRIGHT,            :
                           :   Civ. No. 17-3377 (RMB)
       Petitioner,         :
                           :
   v.                      :   OPINION
                           :
                           :
RICHARD S. HARTUNIAN,      :
                           :
       Respondent.         :
_____:

**BUMB,** United States District Judge

Petitioner, Jerrell Wright, a prisoner confined in FCI Fort Dix in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 12, 2017. (Pet., ECF No. 1.)[1] Petitioner seeks to void his conviction and sentence, entered by the United States District Court, Northern District of New York on December 9, 2014. (Id. at 1.)

I.  BACKGROUND

Petitioner is presently serving a federal sentence in FCI

---

[1] Petitioner did not pay the $5.00 filing fee or file an application to proceed without prepayment of fees ("IFP application"), pursuant to 28 U.S.C. § 1915(a). However, for the reasons discussed herein, rather than terminating the case for payment of the fee, the Court will construe the petition as a motion under 28 U.S.C. § 2255 and transfer it to the sentencing court.

Fort Dix. (Pet., ECF No. 1.) Petitioner pled guilty to drug charges in the United States District Court for the Northern District of New York, and he received a sentence of 240 months imprisonment. (Id. at 1, ¶¶4-5.)

II. DISCUSSION

Petitioner asserts jurisdiction under 28 U.S.C. § 2241, which provides, in pertinent part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
>> (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

Petitioner raises two grounds for relief:

> [1] 21 U.S.C. 851(A) lacks subject matter jurisdiction for the district court to use as an enhancement based on prior state conviction (criminal sale controlled substance fifth degree) PL. 220.31 (Class 7 felony) Pursuant to Fed. R. Civ. P. 12(b)(1).
>
> [2] The district court lack of subject matter jurisdiction due to the Plaintiff's removal pursuant to 28 U.S.C. 1443 & 1447 causing the judgment to be void pursuant to Rule 60(b)(3), & (4).

(Pet., ECF No. 1 at 6, ¶17(a),(b)).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions

2

or sentences that are allegedly in violation of the Constitution." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 343 (1974)). "[T]he 'safety valve' clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the 'rare case' in which a § 2255 motion would be 'inadequate or ineffective to test the legality of his detention.'" Jackman v. Shartle, 535 F. App'x 87, 89 (3d Cir. 2013)(citing 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997)).

The Third Circuit has applied the safety valve "where a petitioner 'is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision,' and where the petitioner is otherwise barred from filing a second or successive § 2255 petition." Id. (quoting In re Dorsainvil, 119 F.3d at 252)). The Dorsainvil exception does not apply to a petitioner's claim that he is innocent of a sentencing enhancement due to an intervening change in the law. Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011.)

Plaintiff's first ground for relief is that he is innocent of a sentencing enhancement. Such a claim must be brought in the sentencing court under 28 U.S.C. § 2255. Plaintiff's second ground for relief relies on Federal Rule of Civil Procedure 60(b). "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because

3

the Federal Rules of Civil Procedure are not applicable to criminal cases." Gray v. U.S., 385 F. App'x 160, 162 (3d Cir. 2010); see also United States v. Andrews, 463 F.App'x 169, 171–72 (3d Cir. 2012)(a criminal defendant may bring a Rule 60(b) motion in a § 2255 proceeding if he attacks some "'defect in the integrity of the federal habeas proceedings'")(quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).

It does not appear that Petitioner has brought a motion under 28 U.S.C. § 2255 in the sentencing court. 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . .

Although Petitioner may be barred by the statute of limitations from consideration of his § 2255 motion,[2] in the

---

[2] 28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

4

interest of justice, this Court will transfer the case to the sentencing court to make that determination.

III. CONCLUSION

This Court lacks jurisdiction over Petitioner's claims under 28 U.S.C. § 2241. The Court construes the petition as a motion under 28 U.S.C. § 2255, and will direct the Clerk to transfer this case to the United States District Court, Northern District of New York, pursuant to 28 U.S.C. § 1631.

An appropriate Order follows.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: July 6, 2017

---

> the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.